**Larry W. HOLIWELL, Plaintiff–Appellant,**

v.

**GREYHOUND LINES, INC., Defendant–Appellee.**

No. 03–15874.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2004.*

Decided June 4, 2004.

Dana E. Cook, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Gary C. Moss, Esq., Attorney at Law, Las Vegas, NV, Debbie L. Caplan, Esq., Seyfarth Shaw, Los Angeles, CA, for Defendant–Appellee.

Before: B. FLETCHER and FISHER, Circuit Judges, and ROLL, District Judge.**

MEMORANDUM ***

Larry W. Holiwell ("Holiwell") appeals the grant of summary judgment to Greyhound Lines, Inc. ("Greyhound") on Holiwell's Title VII claim of racial discrimination. A district court's grant of summary judgment is reviewed de novo. *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir.2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Greyhound terminated Holiwell's employment following a highway collision for which he was responsible. Holiwell sued Greyhound for violation of Title VII of the Civil Rights Act of 1964 as amended. Greyhound sought summary judgment, claiming that Holiwell failed to make a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Greyhound argued in the alternative that even if Holiwell did make a

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

prima facie case, he failed to raise a genuine issue of material fact as to whether Greyhound's proffered reason for its employment decision was pretextual. *Id.* at 804. The district court found that Holiwell failed to establish a prima facie case of discrimination and granted summary judgment to Greyhound. It did not address Greyhound's alternative argument.

This Court may review a district court's grant of summary judgment and affirm on any ground supported by the record. *Orsay v. U.S. Dep't. of Justice,* 289 F.3d 1125, 1132 (9th Cir.2002). In this case, it is unnecessary to determine whether Holi-

well made a prima facie case of discrimination, because even if he did, Holiwell has not offered any evidence that would raise a genuine issue of material fact as to whether Greyhound's nondiscriminatory reason for terminating his employment, the traffic accident, was pretextual.

**AFFIRMED.**